IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY SAWYER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 06-1420 |
| | § | |
| E.I. DU PONT DE NEMOURS, | § | |
| and COMPANY | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Gary Sawyer's Motion to Remand (Document No. 4). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

I.  Background

In his Motion to Remand, Plaintiff Gary Sawyer ("Sawyer") challenges the removal of a petition filed in state court under Texas Rule of Civil Procedure 202, which allows a party to petition a state court for a deposition in order to investigate potential claims.  TEX. R. CIV. P. 202.1.[1]

---

[1] Specifically, the Rule provides: "A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit."  TEX. R. CIV. P. 202.1.

Sawyer filed his petition under Texas Rule 202 to depose a corporate representative of Defendant E.I. du Pont de Nemours and Company ("DuPont") in anticipation of filing a suit alleging fraudulent inducement.  *See* Document No. 1 ex. 5 ¶¶ 5-6.  In the petition Sawyer alleges that he is "one of a group of approximately 75 former DuPont employees who had the option of either continuing to work for DuPont or joining a spin-off entity known as DPI (which eventually became Invista)."  Id. ¶ 6.  Sawyer asserts that he and his fellow employees were "assured by DuPont during a meeting that the[ir] employee benefits would remain unchanged following the separation of DPI."  Id.  According to Sawyer, DuPont "produced a benefits specialist . . . to help convince the employees that there would be no reduction in their employee benefits."  Id.  When specifically asked about the potential acquisition of DPI by another company, Sawyer alleges that DuPont assured the employees that such a scenario would not occur.  Id.  Shortly after the 75 employees elected to leave DuPont to work for DPI, DuPont sold DPI to Koch, and each of the employees' benefits were materially reduced.  Id.  By filing the Texas Rule 202.1 petition, Sawyer hoped to learn whether DuPont was already in negotiations with Koch to sell DPI at or near the time that Dupont persuaded the employees to join DPI.  Id.

DuPont removed Sawyer's petition to federal court, alleging that Texas Rule 202 "is similar, if not identical to an action

under Federal Rule [of Civil Procedure] 27." Document No. 1 ¶ 2. Because "[f]ederal courts have original jurisdiction over proceedings to perpetuate testimony in anticipated suits arising under the laws of the United States," and because "[t]he underlying action on which [Sawyer] seeks discovery arises under ERISA, which provides the exclusive remedy and completely preempts [Sawyer]'s action," DuPont argues, this Court has removal jurisdiction. Id. ¶¶ 2-4. DuPont further asserts that this Texas Rule 202 proceeding is a "civil action" within the meaning of the Federal Rule of Civil Procedure 2, which provides that "[t]here shall be one form of action to be known as 'civil action.'" Id. ¶ 2.

Sawyer disagrees and argues that DuPont's removal is defective because (1) a Rule 202 petition is not a "civil action" that can be removed under 28 U.S.C. § 1441(b); (2) the Court lacks subject matter jurisdiction over the petition because Sawyer has not yet filed a claim, let alone one that would arise under ERISA; and (3) even if Sawyer files a claim in the future, it will not be preempted by ERISA and will not, therefore, fall within the Court's subject matter jurisdiction. See Document No. 5.

## II. Discussion

Generally, a defendant may remove any "civil action" of which a federal court would have original jurisdiction. See 28 U.S.C. § 1441(a)-(b). The removing party bears the burden of establishing

that federal jurisdiction exists at the time of removal. De Aquilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Because the exercise of removal jurisdiction raises significant federalism concerns, "removal statutes are to be strictly construed against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996).

Although the Fifth Circuit has not directly addressed the question, two district courts in Texas have held that a Rule 202 petition is not removable as a "civil action." *See* Mayfield-George v. Texas Rehab. Comm'n, 197 F.R.D. 280, 283-84 (N.D. Tex. 2000); McCrary v. Kan. City S. R.R., 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000). In Mayfield-George, the court explained as follows:

> While the parties have presented a novel issue for the Court, it is obvious that Respondents' arguments are without merit. First, the Petition is not a "civil action" because it asserts no claim or cause of action upon which relief can be granted. It is merely a petition for an order authorizing the taking of a deposition for use in an anticipated suit, maybe with federal question jurisdiction, maybe not. Second, even if it can be argued that the Petition is a "civil action" because it has all the indicia of a judicial proceeding, it surely is not removable under § 1441(b) because it is not a "civil action of which federal district courts have *original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the United States." The petition simply seeks an order authorizing a deposition pursuant to the Texas Rules of Civil Procedure and contains no claim or right, much less one founded on the Constitution, treaties or laws of the United States. This Court concludes that federal subject matter jurisdiction does not exist. Because the Court does not have jurisdiction over the Petition, a remand is necessary.

4

Mayfield-George, 197 F.R.D. at 283 (internal citations omitted); *accord* McCrary, 121 F. Supp. 2d at 569 ("A Rule 202 Request is not a civil action within the meaning of § 1441 because it asserts no claim or cause of action upon which relief can be granted. . . . Since the Rule 202 Request does not set forth a claim of relief, it follows that it is not removable.").

These authorities are persuasive, and this Court agrees that a Texas Rule 202 proceeding ordinarily is not a removable "civil action" over which the federal courts have jurisdiction.[2] Sawyer's

---

[2] In support of its argument that a Rule 202 petition is a removable civil action, DuPont relies on In re Texas, 110 F. Supp. 2d 514 (E.D. Tex. 2000), *rev'd on other grounds sub nom.*, Texas v. Real Parties in Interest, 259 F.3d 387 (5th Cir. 2001), in which the district court found that the Rule 202 proceeding before it was a "civil action" for purposes of 28 U.S.C. § 1441.  As Judge Kendall explained in Mayfield-George, however, In re Texas involved "another variant of the current Texas Attorney General's ongoing concerns about the historical multi-billion dollar tobacco litigation settlement between the State of Texas and the tobacco industry" and was "factually distinguishable."  Mayfield-George, 197 F.R.D. at 284 n.1.  Judge Kendall distinguished Mayfield-George, in which, unlike In re Texas, "there [wa]s no federal court order or settlement that could potentially be undermined by the 202.1 state court petition, the All Writs Act [wa]s not implicated, and there [wa]s no artful pleading issue."  Id.  In re Texas does appear factually distinguishable and this Court declines to follow it to the extent it suggests that a Rule 202 proceeding such as this one is a removable "civil action."

Additionally, to the extent DuPont asserts that Mayfield-George and McCrary are inapposite because they do not "examine[] the [Texas Rule 202] proceeding in the context of the federal court's original jurisdiction over [Federal] Rule 27 proceedings," *see* Document No. 2 at 3, this argument lacks merit.  The purpose of Sawyer's Texas Rule 202 petition is to investigate a potential claim, not to perpetuate testimony, and it does not, therefore, implicate Federal Rule 27 at all.  *See* FED. R. CIV. P. 27(a).

5

Texas Rule 202 petition "is simply a request for discovery that may or may not eventually lead to federal claims" over which this Court would have subject matter jurisdiction, and it therefore "belongs where it was filed"--in state court.  Mayfield-George, 197 F.R.D. at 284.  Accordingly, Sawyer's Motion to Remand will be granted.

Sawyer also seeks to recover the costs and attorney's fees associated with his motion to remand.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case."  Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000).  In other words, the court must determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."  Id.  After careful consideration of all the circumstances, the request for attorney's fees is denied.

Accordingly, it is

ORDERED that Plaintiff Gary Sawyer's Motion to Remand (Document No. 4) is GRANTED, and this case is REMANDED to the 234th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  Plaintiff's request for attorney's fees is DENIED.

The Clerk will mail a certified copy of this Order to the Clerk of the 234th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 28th day of June, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE